UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JAMES R. BAILEY, et al.,

Plaintiffs,

v.

CURRENT AND PREVIOUS WARDEN OF THE FEDERAL CORRECTIONS INSTITUTION AT SANDSTONE, MINNESOTA, et al.,

Defendants.

CIVIL NO. 01-294 (PAM/AJB)

REPORT AND RECOMMENDATION

Plaintiff, a federal prison inmate, has filed a complaint questioning the safety of the water supply at the prison where he is confined -- the Federal Correctional Institution in Sandstone, Minnesota, ("FCI-Sandstone"). The matter is presently before the undersigned Magistrate Judge for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For the reasons discussed below, the Court finds that Plaintiff's complaint fails to state a claim on which relief can be granted. It will therefore be recommended that this action be summarily dismissed pursuant to § 1915A(b)(1).

**I. BACKGROUND**

Plaintiff apparently believes that the water furnished to inmates at FCI-Sandstone contains unsafe levels of radium and may therefore be hazardous to the inmates' health. He claims that he and other inmates at FCI-Sandstone are suffering from "prolonged exposure to contaminated water," in violation of their rights under the Eighth

MAR - 8 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Amendment to the Constitution. It is unclear who, exactly, Plaintiff is attempting to sue in this action, because the caption of his complaint identifies only the positions held by the various Defendants, without identifying any of them by name.

The complaint indicates that Plaintiff sought administrative relief for his claims by filing what he calls a "BP 8" with the "medical department." This suggests that Plaintiff tried to take the first step in the administrative remedy process provided by the federal Bureau of Prisons, ("BOP"). However, the Court finds no indication that Plaintiff ever pursued any administrative relief beyond step one of the administrative remedy process.

Plaintiff is now asking the federal court to grant unspecified "injunctive relief," unspecified "restraining orders," punitive damages, "criminal and civil penalties under 29 U.S.C. § 666, et seq." and "other appropriate relief such as an alternative supply of drinking and bathing water."

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from government employees, his pleading is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. If the pleading fails to state a legally cognizable claim, or if the named

Defendants are immune from suit, the action must be dismissed. 28 U.S.C. § 1915A(b)(1),(2). The Court concludes that the present action must be summarily dismissed pursuant to § 1915A(b)(1), because Plaintiff's complaint fails to state a claim on which relief can be granted.

Plaintiff has failed to state an actionable claim, because he has not alleged that he has exhausted all of his available administrative remedies, as required by 42 U.S.C. § 1997e(a). That statute, which was enacted in 1996 as part of the PLRA, provides that

> "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Section 1997e(a) clearly requires that prisoners must exhaust all of their available administrative remedies before they can challenge the conditions of their confinement in a lawsuit brought in federal court. "Congress intended section 1997e(a) to 'curtail the ability of prisoners to bring frivolous and malicious lawsuits by forcing prisoners to exhaust all administrative remedies before bringing suit in Federal court.'" Alexander v. Hawk, 159 F.3d 1321, 1324 (11th Cir. 1998), quoting 141 Cong.Rec. H1472-06, *H1480 (daily ed. Feb. 9, 1995).

Our Court of Appeals has identified at least four valuable objectives that are promoted by an exhaustion requirement. First, exhaustion of administrative remedies helps to ensure a more complete development of the factual record before the matter is brought into court. Second, it gives the court the benefit of whatever special knowledge

and experience the administrative agency might have to offer. Third, it acknowledges the autonomy and authority of administrative agencies. Finally, to the extent that claims can be resolved at the administrative level, an exhaustion requirement promotes judicial economy. Mason v. Ciccone, 531 F.2d 867, 870 (8th Cir. 1976). See also, McCarthy v. Madigan, 503 U.S. 140, 145 (1992). When a litigant fails to satisfy an exhaustion of administrative remedies requirement, he deprives the judicial process of these valuable benefits.

The BOP provides a comprehensive administrative remedy procedure for federal inmates with grievances relating to the conditions of their confinement. The Code of Federal Regulations, ("C.F.R."), prescribes a four-step administrative process for resolving complaints brought by federal prisoners: (1) the inmate must present his claim informally to an appropriate prison staff member; (2) if the claim is not resolved informally to the inmate's satisfaction, he must then present a formal written Request for Administrative Remedy; (3) if the prisoner is not satisfied with the warden's response to that request, he must appeal to the Regional Director; and (4) if the prisoner is still dissatisfied, he must take a final appeal to the General Counsel in the Central Office in order to fully exhaust his administrative remedies. 28 C.F.R. §§ 542.10-.16.

In this case, it appears that Plaintiff has not satisfied the exhaustion requirement that Congress created by the enactment of § 1997e(a). Although he alleges that he filed a "BP 8," there is no indication that he pursued any other administrative remedies. More specifically, there is nothing to indicate that he completed the last two steps of the administrative remedy process, by presenting his claims to the BOP Regional

Director, and (if necessary) to the General Counsel at the BOP's Central Office. Taking only the initial step in the BOP administrative remedy process, as Plaintiff apparently did here, does not satisfy the statutory requirement. See Francis v. Rison, 894 F.2d 353, 354 (9th Cir. 1990). Thus, it appears on the face of the complaint that Plaintiff failed to exhaust his administrative remedies.

When a federal prisoner brings a civil rights action in federal court alleging that the conditions of his confinement are somehow illegal, he must affirmatively allege in his complaint that he has satisfied § 1997e(a) by exhausting the administrative remedies provided by the BOP at 28 C.F.R. §§ 542.10-.16. If his complaint fails to include factual allegations showing that the exhaustion requirement has been satisfied, then the prisoner has failed to state an actionable claim, and his complaint is subject to summary dismissal. McAlphin v. Morgan, 216 F.3d 680, 682 (8th Cir. 2000); Massey v. Wheeler, 221 F.3d 1030, 1034 (7th Cir. 2000) ("dismissal on the pleadings is proper for failure to plead the exhaustion of all administrative remedies"). Because Plaintiff's present complaint does not show that he has exhausted his administrative remedies, (and, in fact, it clearly appears that he has not exhausted such remedies), no actionable civil rights claim has been pleaded.

## III. CONCLUSION

For the reasons discussed above, the Court concludes that this action must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). It follows that Plaintiff's application for leave to proceed IFP must also be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Plaintiff shall remain liable for the unpaid

balance of the $150 filing fee.[1] To date, Plaintiff has not paid any part of the filing fee, so he still owes the full $150. Prison officials will have to deduct that amount from his prison trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). In addition, the dismissal of this action should count as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

Finally, the Court notes that Plaintiff has filed a one-page (unsupported) motion entitled "Motion Seeking An Injunction Pursuant To Federal Rules Of Civil Procedure, Rule 65." (Docket No. 2.) Given the Court's determination that Plaintiff has failed to plead an actionable claim, and that his lawsuit should be summarily dismissed, it is further recommended that Plaintiff's motion for injunctive relief be summarily denied.

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

---

[1] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 3), be **DENIED**;

2. Plaintiff's "Motion Seeking An Injunction Pursuant To Federal Rules Of Civil Procedure, Rule 65," (Docket No. 2), be **DENIED**;

3. This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

4. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely $150, in accordance with 28 U.S.C. § 1915(b)(2); and

5. For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

Dated: March 5th, 2001

ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.