UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

James R. Bailey, et. al.

Plaintiffs,

Civ. File No. 01-294 (PAM/AJB)

v.

**ORDER**

Current and Previous Warden of the Federal Corrections Institution at Sandstone, Minnesota, et. al.,

Defendants.

---

This matter is before the Court on Plaintiff's objections to the Report and Recommendation of Magistrate Judge Arthur J. Boylan dated March 8, 2001. Pursuant to statute, the Court has conducted a de novo review of the record. See 28 U.S.C. § 636(b)(1); L.R. 72.1(c). After this Court granted Plaintiff additional time in which to object to the Report and Recommendation, Plaintiff argues that he is somehow not required to exhaust administrative remedies as a prisoner because he represents a class of plaintiffs that include employees of the federal corrections institutions at Sandstone, Minnesota. A class has not been certified in this matter. The Court notes that Plaintiff's argument does not obviate the need for him to exhaust administrative remedies, but rather, raises issues of whether Plaintiff is a proper class representative and class certification is appropriate. Based on all the files, records, and proceedings herein, the Court ADOPTS the Report and Recommendation (Clerk Doc. No. 4).

FILED APR 26 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD APR 26 2001
DEPUTY CLERK

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Clerk Doc. No. 3) is **DENIED**;

2. Plaintiff's "Motion Seeking An Injunction Pursuant To Federal Rules Of Civil Procedure, Rule 65," (Clerk Doc. No. 2) is **DENIED**;

3. This action is **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

4. Plaintiff be required to pay the unpaid balance of the $150 Court filing fee in accordance with 28 U.S.C. § 1915(b)(2);

5. For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted"; and

6. Plaintiff's "Motion To Amend Pleadings And Caption" (Clerk Doc. No. 5) be **DENIED** as moot.

Dated: April 26, 2001

Paul A. Magnuson
United States District Court Judge

APR 2 6 2001

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995